**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 12-4516**

―――――――――

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JAMES ANTHONY BULLOCK,

                Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
Chief District Judge.  (5:11-cr-00277-D-1)

―――――――――

Submitted:  January 31, 2013          Decided:  February 8, 2013

―――――――――

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Eric J. Brignac, Research and
Writing Specialist, Raleigh, North Carolina, for Appellant.
Thomas G. Walker, United States Attorney, Jennifer P. May-
Parker, Joshua L. Rogers, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Anthony Bullock was sentenced to 120 months' imprisonment after pleading guilty to one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1)(2006). He appeals his sentence, contending that the district court erred in departing upwardly notwithstanding his acceptance of responsibility and assistance to the Government. Finding no error, we affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In reviewing a sentence for reasonableness, we first consider whether the district court committed significant procedural error, such as failing to calculate or improperly calculating the sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or inadequately explaining its selected sentence. Gall, 552 U.S. at 51. In the absence of significant procedural error, we next consider whether the sentence is substantively reasonable, taking into account the totality of the circumstances, including the extent of any deviation from the Guidelines range. Id.

When sentencing, the district court must begin by correctly calculating the applicable Guidelines range. United States v. Evans, 526 F.3d 155, 164 (4th Cir. 2008). Next, it

must consider whether or not a Guidelines sentence should apply. Id. The district court may deviate from the Guidelines range where it concludes that a Guidelines provision warrants a departure, that the § 3553(a) factors warrant a variance, or that a deviation is warranted regardless. Rita v. United States, 551 U.S. 338, 351 (2007). Whether the district court bases its decision to deviate on the Guidelines or some other factor, it must provide adequate justification for the extent of its deviation. Evans, 526 F.3d at 164-66. A more significant departure should be supported by a more significant justification. Gall, 552 U.S. at 50. Nonetheless, both within- and outside-Guidelines sentences are subject to the same deferential abuse-of-discretion standard. Id. at 51.

Accordingly, in reviewing for reasonableness, this court may consider the extent of the district court's deviation from the Guidelines, but must give deference to the district court's decision that the totality of the circumstances justifies the sentence imposed. Id. This deference is based on the district court's superior position to see and hear the evidence, to make credibility determinations, and to find facts and judge their import. Id. Accordingly, "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Id.

3

Bullock does not challenge the procedural reasonableness of his sentence. Rather, his sole contention on appeal is that the district court imposed a substantively unreasonable sentence by departing upward notwithstanding his acceptance of responsibility and assistance to the Government. We conclude that this contention lacks merit.

After correctly calculating Bullock's initial Guidelines range, the district court determined that an upward departure pursuant to U.S. Sentencing Guidelines Manual § 4A1.3 (2011) — which permits an upward departure where a defendant's criminal history category substantially underrepresents his criminal history or likelihood of recidivism — was warranted. The district court provided detailed justifications both for its decision to depart and for the extent of the departure — including Bullock's substantial criminal history, which included forty-seven convictions, the serious nature and circumstances of his offense, which involved firing a gun in front of an elderly woman and several children, and his dire need of specific deterrence, which was evidenced by his immediate return upon release from custody to the site of his offense to further threaten his victims. The district court accordingly determined that, notwithstanding Bullock's admission of guilt and assistance to authorities, the totality of the circumstances justified a 120-month sentence.

4

The district court's decision to depart from the Guidelines was amply supported, and its justification for the extent of its departure was sufficiently compelling. Evans, 526 F.3d at 164-66. Bullock's sentence is therefore substantively reasonable. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED